UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **LADRISKA WOODS, ET UX** | * | **CIVIL ACTION NO.: 11-CV-1622** |
| | * | |
| **V.** | * | **MAGISTRATE JUDGE KAY** |
| | * | |
| **WAL-MART LOUISIANA, LLC** | * | |

**MEMORANDUM ORDER**

Before the court a Motion for Summary Judgment on behalf of defendant, Wal-Mart Louisiana, LLC (hereinafter "Wal-Mart"). Doc. 17. For the reasons discussed herein, Wal-Mart's motion is denied.

This suit arises out of an alleged incident that occurred on July 10, 2010, in defendant's Jennings, Louisiana store. Plaintiff claims that slipped in a foreign substance on the floor of the chip and cracker aisle and injured her wrist, shoulder, and neck while catching her fall on a shopping cart. Doc. 1, Att. 1, p. 1.

Wal-Mart argues that summary judgment is appropriate because plaintiff will be unable to present evidence sufficient to prove all of the essential elements of her claim as required by Louisiana Revised Statute 9:2800.6. Specifically Wal-Mart says that plaintiff cannot demonstrate that the spill that precipitated her slip and fall existed for any period of time prior to the alleged incident.

Louisiana law imposes a duty on merchants "to exercise reasonable care to keep [their] aisles, passageways, and floors in a reasonably safe condition." La. Rev. Stat. Ann. § 9:2800.6(A). In cases such as this, where the plaintiff brings a negligence claim against a

merchant "for damages as a result of an injury . . . sustained because of a fall due to a condition . . . on a merchant's premises, the claimant [has] the burden of proving," among other elements, "[t]he merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence."  La. Rev. Stat. Ann. § 9:2800.6(B)(2).   The term "constructive notice" is defined as the existence of the condition "for such a period of time that it would have been discovered if the merchant had exercised reasonable care."  La. Rev. Stat. Ann. § 9:2800.6(C)(1).

Plaintiffs bear the burden to "make a positive showing of the existence of the condition prior to the fall."  *White v. Wal-Mart Stores, Inc.*, 699 So.2d 1081, 1084 (La. 1997).  The Supreme Court of Louisiana has made clear that the above cited statutory language requires "some showing of [a] temporal element."  *Id.*

> Though there is no bright line time period, a claimant must show that "the condition existed for such a period of time . . . ." Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question; however, there remains the prerequisite showing of some time period.  A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute.  Though the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some time period prior to the fall.

*Id.* at 1084-85.

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).  The party moving for summary judgment is initially responsible for demonstrating the reasons justifying the motion for summary judgment

by identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact for trial. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the moving party's motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant satisfies this burden, however, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Id*. (quoting *Celotex*, 477 U.S. at 323). In evaluating motions for summary judgment, the court must view all facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986). There is no genuine issue for trial, and thus a grant of summary judgment is warranted, when the record as a whole "could not lead a rational finder of fact to find for the non-moving party…" *Id.*

Wal-Mart argues that the plaintiff cannot meet her burden of proof in satisfaction of this element of the statute because she lacks any evidence that Wal-Mart created the spill, had actual notice of the spill, or had constructive notice of the spill. With respect to constructive notice, Wal-Mart asserts that plaintiff cannot put forward any evidence showing that the spill existed for some period of time prior to her fall.

Plaintiff seemingly does not dispute that she lacks any evidence to show that Wal-Mart created the spill or had actual notice of its existence. However, she argues that Wal-Mart had constructive notice of the spill, and she theorizes that the spill was present on the aisle floor for a period of time because it had become discolored. *See* Doc. 19, Att. 2 ("The liquid had been on the floor long enough to allow dark streaks to accumulate . . . ."). She offers her own testimony, as well as the testimony of two other witnesses, in support of this contention.

Plaintiff testified at her deposition that she knew the spill "had been there" because "it was so dirty" and because the "track marks" of a shopping cart were present. Doc. 17, Att. 3, p. 9. Apryl Leday witnessed the alleged incident and similarly described the spill as "dirty." She believed the spill had "been there a long time" given the "discoloration" of the liquid. Doc. 17, Att. 4, p. 6. Tamara Woods also witnessed the alleged incident. She testified that the spill "was clear," but it had "buggy marks and black stuff around it." When asked to clarify, she says that there was no sign of footprints, but only "buggy marks and dirt." Doc. 17, Att. 5, p. 12.

Several courts have concluded that, under Louisiana law, testimony regarding the presence of shopping cart tracks and dirt in a spill raises a material issue of fact as to whether the defendant had constructive notice of the condition.[1] Similarly, at least two courts have found that dirty produce on the floor satisfied the temporal requirement.[2] Several other courts would have considered testimony regarding the presence of buggy tracks and dirty as sufficient to satisfy the temporal requirement had such evidence been presented.[3]

---

[1] *Pellegrin v. Winn Dixie Montgomery, LLC*, CIV.A. 10-4521, 2011 WL 4729015 (E.D. La. Oct. 5, 2011) ("Plaintiff points to testimony from Lee Geske, the store manager, who claims to have seen dirty footprint marks around the puddle. Plaintiff also relies on the testimony of another witness, Linda Guillot, who says that she saw dirty shopping cart wheel marks going through the puddle, and branching out in different directions."); *Johnson v. Wal-Mart Louisiana, LLC*, CIV.A. 08-1216, 2009 WL 2447922 (W.D. La. Aug. 10, 2009) ("Both plaintiff and Hebert testified the spill was spread in a circular puddle over about a three to four foot area, and plaintiff's buggy left tracks in the puddle after it went through it.").

[2] *Lacy v. ABC Ins. Co.*, 97-1182 (La. App. 4 Cir. 4/1/98), 712 So. 2d 189, 192 ("Thus, plaintiff produced positive evidence from which the jury could have inferred that the banana had been on the floor long enough to become dirty and to have been kicked from one aisle to another by customers."); Beninate v. Wal-Mart Stores, Inc., 97-802 La. App. 5 Cir. 12/10/97, 704 So. 2d 851, 856 ("Given the testimony that the potato *was on the floor* and the area around it had *become "black"* it is apparent that either all or some of the employees failed to see what all, or certainly *some,* should have seen as they frequently passed . . . .").

[3] *Allen v. Wal-Mart Stores, Inc.*, 37,352 (La. App. 2 Cir. 6/25/03), 850 So. 2d 895, 898 ("[T]he plaintiff presented no evidence personally or from third party witnesses as to the condition of the liquid after the fact that would suggest it had been there for some period of time-i.e., that areas of the spill had dried, that there were shopping cart tracks or footprints in the liquid or that the liquid was dirty, evidencing earlier traffic, etc."); *Roberts v. Hartford Fire Ins. Co.*, 2005-1178 (La. App. 3 Cir. 4/5/06), 926 So. 2d 121, 127 ("No proof was offered as to any footprint or buggy tracks in the water. The water was described as clear and clean by all the witnesses who observed it . . . ."); *Smith v. Brookshire Grocery Co.*, 32,619 (La. App. 2 Cir. 1/26/00), 750 So. 2d 450, 453 ("Finally, the lack of evidence of buggy marks in the liquid suggested that the liquid had not been on the floor for a long time."); *Campo v. Winn-Dixie Louisiana, Inc.*, 02-47 (La. App. 5 Cir. 5/15/02), 821 So. 2d 94, 100 ("She did not, however, indicate

The testimony of the witnesses—Ladriska Woods, Apryl Leday, and Tamara Woods—indicates that the spill on the Wal-Mart floor had become dirty and showed signs that shopping carts have previously tracked through the spill.  While witness Lisa Semmes presents a different account of the spill as clean and trackless [Doc. 17, Att. 6, pp. 4, 5, 7], this court does not "undertake to evaluate the credibility of the witnesses, weigh the evidence, or resolve factual disputes."  *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).  The deposition testimony raises a material issue of fact as to whether the temporal requirement is satisfied such that Wal-Mart had constructive notice of the condition.

Accordingly, Wal-Mart's Motion for Summary Judgment is DENIED.

THUS DONE this 25th day of November, 2012.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

---

that she saw shopping-cart tracks or footprints in the area of the spill prior to her fall or while she was seated on the floor after she fell.").